**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| NORMA LOPEZ,<br><br>            Plaintiff,<br><br>   v.<br><br>JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, SCME MORTGAGE BANKERS, INC., A CALIFORNIA CORPORATION, MERS, CALIFORNIA RECONVEYANCE COMPANY,<br><br>            Defendants.<br>_____ | NO. 1:11-cv-02101-AWI-GSA<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>**(Doc. No. 8)** |

**I. INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants JP Morgan Chase Bank, California Reconveyance Company and Mortgage Electronic Registration System, Inc. ("Defendants") filed a motion to dismiss Plaintiff Norma Lopez's ten causes of action. For the reasons discussed below, the motion shall be granted.

**II. BACKGROUND**[1]

---

[1] Defendants submitted a request for judicial notice of the Deed of Trust on the subject property, recorded on February 15, 2007; an Assignment of Deed of Trust, recorded on May 28, 2009; a Substitution of Trustee, recorded on May 28, 2009; a Notice of Default and Election to Sell, recorded on May 28, 2009; two Notice of Trustee's Sale, one recorded on September 1, 2009, the other on January 11, 20011 and a Trustee's Deed Upon Sale, recorded on Feb. 25, 2011. *See* Request for Judicial Notice ("RJN"). In ruling on a motion to dismiss, the court may

This is a mortgage and foreclosure case concerning Plaintiff's residence in Modesto California. Compl. ¶ 1. On February 8, 2007, Plaintiff executed a Deed of Trust for $262,500, naming Defendant SCME Mortgage Bankers, Inc. ("SCME") as Lender, Stewart Title of San Diego as Trustee, and Defendant Mortgage Electronic Registration System, Inc. ("MERS") as Beneficiary. *See* RJN Ex. A. On May 27, 2009 MERS assigned the Deed of Trust to Defendant JP Morgan Chase Bank ("JP Morgan"). *See* RJN Ex. B. Defendant California Reconveyance Company ("CRC") was substituted as Trustee on the same day. *See* RJN Ex. C. On May 28, 2009 a Notice of Default was recorded indicating Plaintiff defaulted on her monthly loan obligations. *See* RJN Ex. D. A Notice of Trustee's sale was recorded on September 1, 2009 and January 11, 2011. *See* RJN Ex. E. The property was sold at a public auction on February 22, 2011, and a Trustee's Deed Upon Sale was recorded on February 25, 2011. *See* RJN Ex. G.

Plaintiff filed the instant lawsuit against Defendants alleging claims for (1) fraudulent misrepresentation; (2) fraudulent inducement; (3) violation of the Fair Debt Collection Practices Act; (4) predatory lending practices; (5) breach of trust contract; (6) RICO violations; (7) quiet title; (8) declaratory relief; (9) injunctive relief; and (10) cease and desist. Defendants JP Morgan, MERS and CRC, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed a motion to dismiss all of Plaintiff's causes of action. Plaintiff did not file a response.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In

---

take judicial notice of matters of public record outside the pleadings. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Each document is a matter of public record and the court will take notice of the undisputed facts contained in these documents. Fed. R. Evid. 201(b); *Lee*, 250 F.3d at 690; *Permito v. Wells Fargo Bank*, 2012 U.S. Dist. LEXIS 55977 at *7-8 (N.D. Cal. Apr. 20, 2012).

reviewing a complaint under Rule 12(b)(6), all of the complaint's material allegations of fact are taken as true, and the facts are construed in the light most favorable to the non-moving party. *Marceau v. Balckfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). The court must also assume that general allegations embrace the necessary, specific facts to support the claim. *Smith v. Pac. Prop.& Dev. Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004). However, the court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). *See also Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). As the Supreme Court has recently explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a 'probability requirement,' but it asks more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'... Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown

3

– that the pleader is entitled to relief. *Iqbal*, 129 S.Ct. at 1949-50. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### IV. DISCUSSION

**A. Fraud**

The Complaint alleges two causes of action for fraud. Both claims are subject to, and fail to meet, Federal Rule of Civil Procedure 9(b).

As to the First Cause of Action, entitled Fraudulent Misrepresentation, Plaintiff alleges that Defendants misrepresented their right to payment, and their right to conduct a non-judicial foreclosure sale. Compl. ¶ 18. Plaintiff further contends that Defendants actually intended to "either force Plaintiffs [sic] to pay large sums of money to either all of the Defendants or an unknown Defendant...or [for Plaintiff] to abandon the property to Defendants by not resisting the proposed foreclosure sale." *Id.* ¶ 20. Finally, Plaintiff alleges that Defendants do not have any right to the property, and have not been lawfully authorized to foreclose against Plaintiffs. *Id.*

The Complaint's Second Cause of Action, entitled Fraudulent Inducement, contains numerous vague allegations against Defendants. Plaintiff alleges that Defendants, working together, failed to verify Plaintiff's ability to repay certain loans and "instead manufactured facts and figures and documents (cooking the books) to justify [Plaintiff's] reasonable ability to repay the loan." (Compl. ¶ 22). The claim also includes allegations of a loss of good standing, conversion, and unconscionability. *Id.* ¶¶ 23, 26-27

As to both claims, Defendants argue that the statute of limitations bars the allegations relating to the origination of the subject loan. *See* Doc. No. 8, p10. Defendants further argue that Plaintiff fails to plead her claim with particularity, as required by Federal Rule of Civil Procedure 9(b). *Id.* Finally, Defendants contend that Plaintiff's allegations are insufficient to satisfy the

4

substantive elements of a fraud claim. *Id.* at 11.

To establish a prima facie case for fraud, a plaintiff must show (1) a misrepresentation; (2) knowledge of the falsity; (3) the intent to defraud; (4) justifiable reliance; and (5) resulting damage. *Phillipson & Simon v. Gulsvig*, 154 Cal. App. 4th 347, 363 (2007). Federal Rule of Civil Procedure 9(b) requires plaintiffs to state with particularity the circumstances constituting fraud. Fed. R. Civ. Proc. 9(b). Furthermore, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *United States v. Corinthian Colleges*, 655 F.3d 984, 997-98 (9th Cir. 2011).

The complaint includes broad statements of several fraud elements, including misrepresentation, knowledge of falsity and the intent to defraud, but fails to allege any justifiable reliance on Defendant's actions or resulting damage. Even assuming Plaintiff stated the requisite elements, the claim lacks the necessary particularity. The allegations do not contain any dates, locations or actual false statements made by Defendants. Plaintiff also continuously refers to "Defendants acting in unison and in association with," but fails to set forth each individual Defendant's alleged participation in the fraud.

Accordingly, the First and Second Causes of Action are dismissed without prejudice.

**B. Violation of the Fair Debt Collection Practices Act**

As to the Third Cause of Action, Plaintiff alleges that Defendants intentionally violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Vic. Code § 1788. Plaintiff alleges that "the Defendants surprised them by allegedly foreclosing on the home during same time [sic] the process of loan modification or settlement with [Plaintiff] was taking place." Compl. ¶ 28. Defendants contend that foreclosure-related conduct is not subject to the FDCPA, and foreclosing on a deed of trust does not constitute "collection" of a debt under the FDCPA. Doc.

No. 8, p12-13.

*FDCPA Claim*

The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debt. A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e. "Debt Collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails, in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed. 15 U.S.C. § 1692a(6). An entity which forecloses on a property pursuant to a deed of trust is not a "debt collector" within the meaning of the FDCPA so long as it is clear that the entity obtained its interest prior to default. *Zhuravlev v. BAC Home Loan Servicing, LP*, No. C 10-2165, 2010 WL 2873253 at *3 (N.D. Cal. 2010).

Plaintiff does not allege that Defendants are debt collectors within the meaning of the FDCPA. Even assuming Defendants qualify as debt collectors under the FDCPA, there are no allegations that any Defendant attempted to collect debt in a manner outside of the normal scope of foreclosure proceeding. Furthermore, the allegations appear to relate only to the foreclosure of the subject property and foreclosing on a property pursuant to a deed of trust is not collection of debt within the meaning of the FDCPA. *Tang v. California Reconveyance Co.*, No. 10-CV-03333-LHK 2010 WL 5387837, at *4 (N.D. Cal. 2010); *Zhuravlev*, 2010 WL 2873253 at *3. As such, Plaintiff fails to sufficiently allege an FDCPA claim.

*Rosenthal Act Claim*

Plaintiff's Rosenthal Act claim is predicated on the same allegations as her FDCPA claim. Compl. ¶ 28. The Rosenthal Act prohibits debt collectors from engaging in particular practices while attempting to collect a consumer debt such as using obscene language, causing a telephone to ring repeatedly or communicating with such frequency as to be unreasonable. *See* Cal. Civ. Code § 1788.11. The Rosenthal Act defines a debt collector as "any person who, in the

6

ordinary course of business, regularly, on behalf of himself or others, engages in debt collection." *See* Cal. Civ. Code § 1788.2(c).

Even assuming that Defendants qualify as debt collectors under the Rosenthal Act, "the law is clear that foreclosing on a deed of trust does not invoke the statutory protections of the [Rosenthal Act]." *Jensen v. Quality Loan Service Corp.*, 702 F. Supp. 2d 1183, 1200 (E.D. Cal. 2010) (internal quotations omitted). Plaintiff does not identify any specific provision of the Rosenthal Act that Defendants violated, nor are there any facts alleged that could be construed as improper debt collection under the Rosenthal Act. Thus, Plaintiff fails to allege a claim under the Rosenthal Act.

Accordingly the Third Cause of Action is dismissed without prejudice.

**C. Predatory Lending Practices**

The Complaint alleges that Defendants engaged in predatory lending practices in violation of the Home Ownership and Equity Protection Act, 15 U.S.C. § 1637 ("HOEPA"); the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA"); Regulation Z, 12 C.F.R. § 226, and California Business and Professional Code § 17200 ("UCL"). Compl. ¶ 30. Plaintiff asserts that Defendants "engaged in these unlawful actions to facilitate and justify their own greed and need for funds from Plaintiffs [sic], who realistically could not have carried the burden of the monthly payments." *Id.* ¶ 31.  Defendant contends that Plaintiff's allegations are insufficient to raise a right to relief above the speculative level. Doc. No. 8, p13-14.

*TILA Claim*

TILA, and its accompanying regulations, Regulation Z, require specific disclosures by businesses offering consumer credit, including mortgage loans. 15 U.S.C. § 1601, 12 C.F. R. § 226.1, *Boschma v. Home Loan Cntr.*, 198 Cal. App. 4th 230, 244 (2011).  TILA's purpose is to avoid the uninformed use of credit, and thus obligates creditors to provide variable rate mortgage borrowers with a "loan program disclosure" that includes any rules relating to changes in the index, the interest rate, payment amount and outstanding loan balance. *See* 12 C.F.R. §

7

226.19(b)(2)(vii); *Boschma*, 198 Cal. App. 4th at 244. Creditors are also required to make the disclosures specifically in writing and in a form the consumer may keep. *Boschma*, 198 Cal. App. 4th at 245.

Because TILA concerns required disclosures by creditors, Plaintiff's allegations relating to loan repayment ability do not state a claim under TILA. Moreover, Plaintiff does not allege that Defendants failed to disclose any information required under TILA or that Defendants disclosed information improperly under Regulation Z. As such, Plaintiff fails to allege a TILA claim.

*HOEPA Claim*

Plaintiff alleges that Defendants violated section 1639(h) of HOEPA by "lowering their underwriting standards." Section 1639(h) provides:

> A creditor shall not engage in a pattern or practice of extending credit to consumers under mortgages referred to in section 1602(aa) of this title based on the consumer's collateral without regard to the consumer's repayment ability, including the consumer's current and expected income, current obligations, and employment.

15 U.S.C. § 1639(h). However, to implicate HOEPA, one of two factors has to be established. Either the annual percentage rate of the loan at consummation must exceed by more than 10 percent the applicable yield on treasury securities, or the total points and fees payable by the consumer at or before closing has to greater than 8 percent or the total loan amount, or $40,000.00. *See* 15 U.S.C. § 1602(aa)(1), (3); *see also* 12 C.F.R. § 226.32(a)(1). Plaintiff's complaint does not allege facts demonstrating that her mortgage qualifies for protection under HOEPA. Even assuming the truth of Plaintiff's allegations, her failure to sufficiently allege that her mortgage falls under HOEPA protection subjects the claim to dismissal. *See Khomich v. Bank of America N.A.*, No. CIV S-10-1866-KJM, 2011 U.S. Dist. LEXIS 30028 at *15 (E.D. Cal. Mar. 22, 2011*)*; *Marks v. Chicoine*, No. C 06-06806 SI, 2007 U.S. Dist. LEXIS 8521 at *21 (N.D. Cal. Jan. 18, 2007). Thus, Plaintiff fails to sufficiently allege a claim under HOEPA.

*UCL Claim*

The Unfair Competition Law ("UCL"), California Business and Professions Code section

8

17200 *et. seq.*, forbids acts of unfair competition, which includes "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "The UCL is broad in scope, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." *People ex rel. Gallegos v. Pac. Lumber Co.*, 158 Cal. App. 4th 950, 959 (2008) (internal citations omitted). Plaintiff appears to be proceeding under the "unlawful" prong of the statute. Section 17200 borrows violations of other laws and treats them as unlawful business practices independently actionable under section 17200. *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992). Violation of almost any federal, state, or local law may serve as the basis for a [UCL] claim. *Plascencia v. Lending 1st Mortg.*, 583 F. Supp. 2d 1090, 1098 (9th Cir.2008) (citing *Suanders v. Superior Court*, 27 Cal. App.4th 832, 838-39 (1994)).

Because Plaintiff's UCL claim is predicated on facts supporting her other predatory lending claims, all of which the Court has dismissed, Plaintiff cannot maintain this claim.

Accordingly, the Fourth Cause of Action is dismissed with leave to amend.

**D. Breach of Fiduciary Duty and Deed of Trust**

Plaintiff alleges that Defendants breached the deed of trust[2] and their fiduciary duty by refusing to allow Plaintiff the right to view the original promissory note. Compl. ¶ 35. Particularly, Plaintiff contends that the unknown location of the promissory note serves to void the trust, and without the note, Defendants "do not have any lawful authority to do anything other than to reconvey the deed back to Plaintiff." *Id.* Defendants contend that a breach of fiduciary duty claim fails as a matter of law, and that Plaintiff has insufficiently pled her breach of deed of trust claim. Doc. No. 8, p14.

*Breach of Fiduciary Duty*

"To be charged with a fiduciary obligation, a person must knowingly undertake to act on behalf and for the benefit of the another, or must enter into a relationship which imposes that

---

[2] Plaintiff refers to a "trust contract" but does not clarify the term, so the Court will assume that Plaintiff is referencing the Deed of Trust.

9

undertaking as a matter of law." *City of Hope Nat'l Med. Ctr. v. Genentech Inc.*, 43 Cal. 4th 375, 385 (2008). "As a general rule, a financial institution owes no duty of care to a borrower when the lending institution's involvement does not exceed the scope of its conventional role as a mere lender of money." *Das v. Bank of America, N.A.*, 186 Cal. App. 4th 727, 740 (2010). Nothing in the Complaint suggests that Defendants knowingly acted on behalf of Plaintiff, or for her benefit. Nor does the Complaint suggest that Defendants' actions were outside the scope of their conventional roles as lending institutions. Furthermore, the relationship between a lending institution and a borrower is not fiduciary in nature. *Smith v. Home Loan Funding, Inc.*, 192 Cal. App. 4th 1331, 1335 (2011). Thus, Plaintiff does not sufficiently allege that a fiduciary relationship existed, or that Defendants' actions created a fiduciary duty. As such, Plaintiff cannot maintain a claim for breach of fiduciary duty.

*Breach of Deed of Trust*

"The trustee under deed of trust is not a true trustee, and owes no fiduciary obligations...the trustee's only obligations are: (1) upon default to undertake the steps necessary to foreclose the deed of trust; or (2) upon satisfaction of the secured debt to reconvey the deed of trust." *Heritage Oaks Partners v. First Am. Title Ins. Co.*, 155 Cal. App. 4th 339, 345 (2007). Plaintiff does not allege that Defendants breached either duty, and does not cite any case law to support the contention that Defendants owed additional duties. As such, Plaintiff does not sufficiently allege a breach of deed of trust claim against Defendants.

*Missing Promissory Note*

Turning to the issue of the missing promissory note, the California Civil Code, Sections 2924 through 2924 I, details the requirements for a non-judicial foreclosure. Production of the promissory note is not a listed requirement. *See* Cal. Civ. Code §§ 2924-2924 I. *See also Osei v. Countrywide Home Loans*, 692 F. Supp. 2d 1240, 1251 (E.D. Cal. 2010); *Champlain v. BAC Home Loans Serv. LP*, 706 F. Supp. 2d 1029, 1051 (E.D. Cal. 2009). Thus, Plaintiff's contention that Defendants' lawful authority under the deed of trust turns on possession of the original

promissory note is without merit.

Accordingly, the Fifth Cause of Action is dismissed without prejudice.

**E. RICO**

The Complaint alleges that Defendants conspired and infiltrated legitimate business institutions for the purposes of felony conduct. Compl. ¶ 37. Plaintiff further alleges that Defendants engaged in a pattern and practice to obtain title of property in violation of common and statutory law, including Article III of the California Commercial Code. *Id.* ¶ 39. Defendant contends that Plaintiff's claim lacks specific factual allegations and fails to state a claim. Doc. No. 8, p15.

"The Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968 (1994 ed. and Supp. IV), creates a civil cause of action for '[a]ny person injured in his business or property by reason of a violation of section 1962.'" *Beck v. Prupis*, 529 U.S. 494, 495 (2000) (quoting section 1964(c)). Title 18 U.S.C. § 1962(c) provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

To state a claim under section 1962(c), a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007)**.**

Plaintiff fails to allege a racketeering activity. Racketeering activity is defined by a finite number of acts listed in 18 U.S.C. § 1961(1). Plaintiff alleges that Defendants used the United States Mail in perpetration of felonious conduct, indicating that mail fraud is the predicate racketeerting act. *See* 18 U.S.C. § 1961(1)(B) ("racketeering activity means...any act which is indictable under...18 U.S.C.S. § 1341 (relating to mail fraud)"). However, any allegations of mail fraud must be particularly pleaded as required by Federal Rule of Civil Procedure 9(b). *See Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). Plaintiff has not clarified how the United States Mail was used to perpetrate felonious conduct,

11

nor how each Defendant specifically engaged in fraud. *United States v. Corinthian Colleges*, 655 F.3d 984, 997-98 (9th Cir. 2011); F.R.C.P. 9(b). Furthermore, the felonious conduct that Plaintiff refers to is predicated on facts supporting her previous claims, all of which the Court has dismissed. Finally, a RICO claim requires at least two acts of racketeering, and Plaintiff has not provided details of even one. *See* 18 U.S.C. § 1961(5) ("a 'pattern of racketeering' requires at least two acts of racketeering activity"). Plaintiff only makes vague allegations of violations of common and statutory law. Thus, Plaintiff fails to allege an essential element of a RICO claim.

Accordingly, the Sixth Cause of Action is dismissed without prejudice.

**F. Quiet Title**

The Complaint's Seventh Cause of Action seeks to quiet title on the subject property. Plaintiff alleges that "Defendants have no right, title, interest, or estate in the subject property." Compl. ¶ 44.  Defendants contend that Plaintiff has not adequately alleged an independent cause of action, because she has not stated a underlying substantive right to relief. Doc. No. 8, p16. Defendants also argue that the cause of action fails because Plaintiff did not allege an ability to tender the principal balance owed on her loan. *Id.*

California Code of Civil Procedure section 760.010 provides an action to establish title against adverse claims to real property. A plaintiff's quiet title action must include:

> (1) a legal description and street address of the subject real property; (2) The title of plaintiff as to which determination is sought and the basis of that title; (3) the adverse claims to the title of the plaintiff against which a determination is sought; (4) the date of which the determination is sought; and (5) a prayer for the determination of the title.

Cal. Code Civ. Proc. § 760.020. However, even if the above requirements are met, "it is well settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637 , 639 (1935); s*ee also Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994);  *Mix v. Sodd*, 126 Cal. App. 3d. 386, 390 (1981).

Primarily, Plaintiff relies on the conclusory statement "Plaintiff Norma Lopez are [sic] the owners of the subject property per the Original Deed used to fabricate the Deed of Trust" to

12

suffice as the basis of her right to title of the property. Compl. ¶ 42. Additionally, at the time of sale the unpaid debt amounted to $308, 001.45. *See* RJN Ex. G. Plaintiff does not allege that she paid her debt, nor does she allege any ability to pay her debt. Thus, even assuming Plaintiff properly alleged a basis of title, she cannot maintain this cause of action without paying the her debt on the property.

Accordingly, the Seventh Cause of Action is dismissed without prejudice.

**G. Declaratory Relief**

Plaintiff's Eighth Cause of Action seeks declaratory relief. This claim parallels other claims alleged. Compl. ¶ 45-49. Aside from the claims alleged in Plaintiff's other causes of action, which the Court has dismissed, Plaintiff has not identified a specific, actual controversy warranting declaratory relief. *See* Cal. Code Civ. Proc. § 1060 (requiring actual controversy for declaratory relief); 28 U.S.C. § 2201 (same). Accordingly, the Eighth Cause of Action is dismissed without prejudice.

**H. Injunctive Relief**

The Ninth Cause of Action seeks injunctive relief. Injunctive relief is a remedy and not a standalone cause of action. *See Marlin v. AIMCO Venezia*, 154 Cal. App. 4th 154, 162 (2007). Furthermore, this claim depends on prior claims and each of Plaintiff's prior claims is defective. Accordingly, the Ninth Cause of Action is dismissed with prejudice.

**I. Cease and Desist**

The Complaint states as to the Tenth Cause of Action that "Plaintiff gives constructive notice unto [Defendants] to cease and desist further actions in said foreclosure." Compl. ¶ 54. Plaintiff does not appear to allege any facts or seek any remedy. Furthermore, it is unclear if "Cease and Desist" is a cause of action under California law, and Plaintiff has not referred to any authority establishing it as one. As such, the Tenth Cause of Action is dismissed with prejudice.

**J. RESPA Claim**

13

Although Plaintiff does not specifically include a claim for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§2601 *et seq.*, the Court addresses it because the Plaintiff mentions the statute several times in the "General Allegations" section of the Complaint. Plaintiff alleges that Defendants have failed to comply with the qualified written request ("QWR") provision of RESPA. *See* Compl. ¶¶ 7, 10. According to the Complaint, Plaintiff submitted a QWR demanding information on the true owner of her property, the holder of the original promissory note, and proof of Defendants' right to proceed in foreclosure.

Under RESPA, a QWR is a "written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan. 12 U.S.C. § 2605(e)(1)(A). A QWR must include a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or must provide sufficient detail to the servicer regarding other information sought by the borrower. 12 U.S.C. § 2605(e)(1)(B)(ii).

Plaintiff's allegations concern the ownership and validity of the loan. However, the QWR provision of RESPA relates only to the servicing of the loan. *See Tamburri v. Suntrust Mortgage, Inc.*, No. C-11-2899, U.S. Dist. LEXIS 86360 at *9-10 (N.D. Cal. June 21, 2012); *Consumer Solutions REO, LLC v. Hillary*, 658 F. Supp. 2d 1002, 1014 (N.D. Cal. 2009) (stating that the QWR provision expressly imposes a duty on the loan servicer and not the owner of the loan). Furthermore, Plaintiff does not allege that Defendants' failure to respond to the QWR caused actual harm. Plaintiff's claims are intermingled with her missing promissory note claims, but her argument that a missing promissory note voids a loan is without merit and does not constitute a harm caused by Defendants' failure to respond. Thus, Plaintiff fails to sufficiently allege a RESPA claim, and the Court dismisses it without prejudice.

## V. DISPOSITION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants motion to dismiss the First through Tenth Causes of Action is GRANTED. Plaintiff shall have leave to amend within 30 days of entry of this order.

**IT IS SO ORDERED.**

**Dated:     July 18, 2012**

**CHIEF UNITED STATES DISTRICT JUDGE**

15