# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NORMA LOPEZ, | ) | 1: 11 - CV - 2101 AWI GSA |
| Plaintiff, | ) ) ) | ORDER DISMISSING ACTION FOR FAILURE TO OBEY A |
| v. | ) ) | COURT ORDER TO FILE AN AMENDED COMPLAINT |
| JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, SCME MORTGAGE BANKERS, INC., A California Corporation, and MARS, CALIFORNIA RECONVEYANCE COMPANY, | ) ) ) ) ) ) ) | |
| Defendant. | ) ) ) | |

## BACKGROUND

On September 28, 2011, Plaintiff filed a complaint in the Superior Court of the State of California, County of Stanislaus.  Because the complaint contained federal causes of action, on December 19, 2011, Defendants removed the complaint to this court.

On July 19, 2012, the court granted Defendants motion to dismiss the complaint, dismissed all causes of action with leave to amend, and ordered that any amended complaint be filed within thirty days.

Over thirty days have now passed, and Plaintiff has not filed an amended complaint.  In fact, the court has received no document or other communication from Plaintiff.

## LEGAL STANDARD

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss an action for lack of prosecution the court must consider several factors "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)).

## DISCUSSION

The court finds that dismissal for Plaintiff's failure to prosecute is appropriate in this action. "The public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan, 291 F.3d at 642; Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This action has been pending for almost nine months. Plaintiff failed to file either an opposition to Defendants' motion to dismiss or an amended complaint. The court cannot manage its docket if it maintains cases in which a plaintiff fails to litigate his case. The court's limited resources must be spent on cases in which the litigants are actually proceeding. Thus, both the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Pagtalunan, 291 F.3d at 642; Yourish 191 F.3d at 991. However, delay inherently increases the risk that witnesses' memories will fade and evidence

will become stale. Pagtalunan, 291 F.3d at 642. Here, nothing in the docket indicates Defendants have any remaining interest in litigating this action as they have already moved to dismiss this action once. Thus, any risk of prejudice to Defendants is absent.

As for the availability of lesser sanctions, there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scare resources. The availability of less drastic sanctions has been considered. However, given that Plaintiff neither complied with the July 15, 2012 order nor contacted the court since this action was removed, the court determines there is no effective sanction but to close the case.

Finally, because public policy favors disposition on the merits, this factor normally weighs against dismissal. Pagtalunan, 291 F.3d at 643. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits. Thus, [the Ninth Circuit has] also recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." In re PPA, 460 F.3d at 1228. The court finds this factor has little weight in an action such as this one where the Plaintiff has essentially abandoned the case and has been unable or unwilling to proceed with the action. Thus, the court finds that dismissal is appropriate in this action.

**ORDER**

Accordingly, the court ORDERS that:

 1. This action is DISMISSED; and
 2. The Clerk of the Court is DIRECTED to close the case.

IT IS SO ORDERED.

Dated:   September 5, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE

3